**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

NERRAH BROWN, aka Keenan G.
Wilkins,
          *Petitioner-Appellant,*

          v.

GREGORY J. AHERN, Sheriff,
          *Respondent-Appellee.*

No. 11-15767

D.C. No.
5:10-cv-05331-JF

OPINION

Appeal from the United States District Court
for the Northern District of California
Jeremy Fogel, District Judge, Presiding

Argued and Submitted
February 13, 2012—San Francisco, California

Filed April 12, 2012

Before: Procter Hug, Jr., Betty B. Fletcher, and
Richard A. Paez, Circuit Judges.

Opinion by Judge Hug

## COUNSEL

J. Frank McCabe, Burlingame, California, for the petitioner-appellant.

Jill M. Thayer, Deputy Attorney General, San Francisco, California, for the respondent-appellee.

## OPINION

HUG, Circuit Judge:

Since our decision in *Carden v. Montana*, the rule of this circuit has been that, absent specifically defined extraordinary circumstances, principles of federalism and comity prohibit a

federal district court from entertaining a pre-conviction habeas petition that raises a Speedy Trial claim as an affirmative defense to state prosecution. 626 F.2d 82, 83 (9th Cir. 1980). This appeal presents the question whether *McNeely v. Blanas*, 336 F.3d. 822 (9th Cir. 2003), altered that rule. We hold that it did not.

# I

Appellant Nerrah Brown was arrested and charged with robbery in the State of California in March of 2007. Since the date of Brown's arrest, the state has filed additional charges against him and held two preliminary hearings in his consolidated criminal case. The state has also begun initial trial proceedings, but for various reasons it still has not tried Brown as of the date of this appeal.

At one of his preliminary hearings and in separate petitions before the California courts, Brown sought dismissal of the charges against him based on the claim that the state had violated his rights under the Speedy Trial Clause of the United States Constitution. The state courts summarily rejected Brown's petitions. Brown then raised his Speedy Trial claim in a petition for writ of habeas corpus in federal district court under 28 U.S.C. § 2241, requesting a permanent stay of the state criminal charges against him. The federal district court declined to reach the merits of Brown's claim, holding that principles of federalism precluded review of Brown's petition before he had been tried and convicted in state court. The district court accordingly dismissed Brown's petition without prejudice, leaving Brown free to raise his Speedy Trial claim in a post-conviction habeas petition.

Brown now appeals the district court's order. He argues that the district court erred in dismissing his habeas petition based on abstention principles. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

## II

**[1]** In *Carden v. Montana*, we applied the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), to preclude the exercise of federal jurisdiction over a habeas corpus petition in which the petitioner raised a Speedy Trial claim as an affirmative defense to state prosecution. *See Carden*, 626 F.2d at 83. *Younger* established the rule that fundamental principles of comity and federalism prohibit the federal courts from enjoining ongoing state proceedings except under "extraordinary circumstances." *See Younger*, 401 U.S. at 45. Although *Younger* did not explicitly address the application of abstention principles outside the context of federal injunctions, our opinion in *Carden* recognized that a federal court's exercise of jurisdiction over a habeas petition that raises an affirmative defense to state prosecution before trial and conviction can have the same effect as a direct injunction of ongoing state proceedings. *See Carden*, 626 F.2d at 83. Thus we held that the "logical implication" of *Younger*'s rule against enjoining state proceedings is that abstention principles likewise prohibit a federal court from considering a pre-conviction habeas petition that seeks preemptively to litigate an affirmative constitutional defense unless the petitioner can demonstrate that "extraordinary circumstances" warrant federal intervention. *See id*. We further observed that *Perez v. Ledesma*, 401 U.S. 82 (1971), a case the Supreme Court decided contemporaneously with *Younger*, limited the category of "extraordinary circumstances" to encompass only "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction," or where "irreparable injury can be shown." *Carden*, 626 F.2d at 84.

**[2]** Consistent with this observation, we specifically rejected in *Carden* the argument that a claimed violation of the Speedy Trial Clause was *sui generis* such that it sufficed in and of itself as an independent "extraordinary circumstance" necessitating pre-trial habeas consideration. *See id*. at 84. We expressed agreement with the then-recent Third Cir-

cuit decision *Moore v. DeYoung*, 515 F.2d 437 (3d Cir. 1975), holding that "unlike the Double Jeopardy Clause, the Speedy Trial Clause, when raised as an affirmative defense, does not embody a right [that] is necessarily forfeited by delaying review until after trial." *Carden*, 626 F.2d at 84. Thus, we held that unless a state defendant proves that one of the "extraordinary circumstances" established in *Perez* applies, he must wait to bring a Speedy Trial claim in federal court until after trial and conviction. *See id.* Because the Cardens had proved no injury independent of the Speedy Trial violation itself, we noted that the "appropriate remedy [was for the Cardens] to proceed to trial and thereafter raise their speedy trial claim if they wish to do so." *See id.*

Our decision in *Carden* found additional support for the conclusion that *Younger* abstention logically applies in the habeas corpus context from another Supreme Court decision, *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). In that case, the Court considered whether abstention principles prohibited a federal district court from granting pre-conviction habeas relief to a petitioner who sought an order requiring the state to initiate trial proceedings in his criminal case. *See id.* at 489-90. The petitioner's claim in *Braden* was that the State of Kentucky's decision to postpone bringing him to trial on state charges until after he completed a prison sentence in Alabama violated the Speedy Trial guarantee of *Smith v. Hooey*, 393 U.S. 374 (1969), which requires a state to make efforts to bring a prisoner of another jurisdiction to trial on charges in that state. *See Braden*, 410 U.S. at 490. The Court agreed and held that Braden was entitled to rectify this constitutional violation by seeking through a § 2241 federal habeas petition to enforce the state's "affirmative constitutional obligation" to transport him from the other jurisdiction and bring him to trial. *See id.* at 489-91.

In permitting Braden to raise his *Hooey* Speedy Trial claim in a § 2241 habeas petition, the Court emphasized that its decision did not disturb the well-established rule that "habeas

corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *See id.* at 489. That rule did not apply to Braden's case, the Court explained, because Braden was not attempting to litigate the merits of an affirmative defense to his state prosecution. *See id.* at 491. Rather, Braden's habeas petition simply asked the federal courts "to enforce the [state's] obligation to provide him with a state court forum." *See id.* There was no dispute that the Kentucky prosecution against Braden was temporarily stalled and would not be re-commenced until after he had served his sentence in Alabama. *See id.* Thus, there was no concern that Braden was attempting to use federal habeas to circumvent the state courts. The distinction between a habeas petition whose purpose is to forestall state prosecution and one that seeks to initiate that prosecution was critical to the Court, as evidenced by the statement concluding its abstention discussion: "We emphasize that nothing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *See id.* 493.

Following the decisions in both *Braden* and *Carden*, we again considered a pre-conviction habeas petition claiming violation of the Speedy Trial Clause in *McNeely v. Blanas*. 336 F.3d. at 824-25. The petitioner in that case (McNeely) claimed in his *pro se* habeas petition that the state had violated his Speedy Trial rights by failing to bring him to trial on state charges over four years after they had been filed. *See id.* at 824. Without discussing *Carden* or the abstention doctrine, the district court rejected McNeely's claim on the merits. On appeal, and again without reference to the abstention doctrine, we reversed. *Id.* Noting that the state had not yet conducted a preliminary hearing or trial on the charges against McNeely at the time of his federal appeal, we held that the state had violated McNeely's rights under the Speedy Trial Clause and ordered him released from state custody "with prejudice to the re-prosecution of the criminal charges." *See id.* at 824, 832.

With these decisions as background, we turn to Brown's argument in this appeal that the district court erred in concluding that abstention principles precluded it from considering the merits of his claim.

## III

Brown's habeas petition before the district court requested an order dismissing the criminal charges against him based on his claim that the state had violated his rights under the Speedy Trial Clause. Applying the rule of *Carden*, the district court concluded that principles of federalism and comity required it to abstain from exercising habeas jurisdiction over Brown's petition. The district court accordingly instructed Brown to delay bringing his Speedy Trial claim in a federal forum until after he has been convicted at trial and first presented that claim to the state appellate courts.

Brown does not dispute here that, in asking for a dismissal of state charges, his federal habeas petition raises a Speedy Trial claim as an affirmative defense to state prosecution and is thus foreclosed by the rule of *Carden* unless he demonstrates extraordinary circumstances. Nor does Brown argue that any of the extraordinary circumstances we identified in *Carden* apply in his case—i.e., he does not claim that the California prosecution against him was undertaken for harassment purposes or in bad faith without hope of obtaining a valid conviction, or that he will be irreparably injured by delaying his Speedy Trial claim until after a judgment of conviction in state court. Instead, Brown claims that the district court should have considered the merits of his habeas petition notwithstanding the abstention doctrine because we granted pre-conviction habeas relief in *McNeely*, a case with facts very similar to this one. In essence, Brown's argument is that the similarity between his case and *McNeely* is itself an "extraordinary circumstance" for purposes of the abstention doctrine that warrants pre-conviction habeas relief here.

Brown's reliance on *McNeely* as a substitute for the "extraordinary circumstances" specifically enumerated in *Carden* is misplaced. While Brown is correct that the habeas relief we ordered in *McNeely* involved a Speedy Trial claim raised before trial and conviction in state court, he errs in concluding from that fact alone that *McNeely* abrogated or otherwise altered the abstention rule of *Carden*. The district court in *McNeely* did not discuss *Carden* but simply rejected the petitioner's Speedy Trial claim on the merits. Our review on appeal was limited to determining whether the district court's substantive holding was correct. The abstention issue accordingly formed no part of our analysis. Brown's argument that *McNeely* nevertheless created a special exception to ordinary abstention requirements—and thereby *sub silentio* overruled *Carden* in large part—is without merit and contrary to the established law of this circuit that three-judge panels are bound by the decisions of previous panels. *See Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (en banc).

**[3]** The *McNeely* decision simply confirms that a state may "effectively waiv[e]" an abstention defense by "voluntarily submit[ting] to federal jurisdiction even though it might have had a tenable claim for abstention." *See Kleenwell Biohazard Waste & Gen. Ecology Consultants, Inc. v. Nelson*, 48 F.3d 391, 394 (9th Cir. 1995) (quoting *Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 626 (1986)). *McNeely* did not affect the well-established and constitutionally sound rule of *Carden* that, when a state does avail itself of the abstention doctrine as a defense to the exercise of federal habeas jurisdiction, that doctrine requires dismissal of a habeas petition that prematurely raises a Speedy Trial defense to state prosecution.

**[4]** In this case, the state raised *Carden* as a defense to the district court's exercise of jurisdiction from the outset. Thus, Brown's habeas petition is squarely governed by *Carden*. The district court properly applied the rule of that case to hold that abstention principles prohibited it from exercising jurisdiction

over Brown's habeas petition. We affirm the district court's order in full.

## IV

**[5]** Lest any doubt remain, we clarify: the rule of this circuit is that abstention principles generally require a federal district court to abstain from exercising jurisdiction over a habeas petition in which the petitioner raises a claim under the Speedy Trial Clause as an affirmative defense to state prosecution. The only exceptions are "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction," or "in other extraordinary circumstances where irreparable injury can be shown." *Carden*, 626 F.2d at 84. Our decision in *McNeely* did not alter that rule and thus cannot serve as the basis for a habeas petitioner's claimed exemption from ordinary principles of abstention.

**AFFIRMED**.