**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 07 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



KARL COLEMAN,

          Petitioner - Appellant,

  v.

PAM AHLIN,

          Respondent - Appellee.

No. 12-15779

D.C. No. 3:10-cv-04675-THE

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Thelton E. Henderson, Senior District Judge, Presiding

Argued and Submitted September 11, 2013
San Francisco, California

Before: WALLACE and BERZON, Circuit Judges, and ZOUHARY, District
Judge.**

    **1.** This Court reviews de novo whether abstention under *Younger v. Harris*,

401 U.S. 37 (1971), is required. *Potrero Hills Landfill, Inc. v. Cnty. of Solano*, 657

F.3d 876, 881 (9th Cir. 2011). The District Court did not err by *sua sponte*

---

    * This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    ** The Honorable Jack Zouhary, District Judge for the U.S. District
Court for the Northern District of Ohio, sitting by designation.

dismissing Coleman's habeas petition. A state waives *Younger* only where it "expressly urged [the federal court] to proceed to an adjudication of the constitutional merits." *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626 (1986). Here, although it filed a motion to dismiss based only on timeliness, the State did not "expressly urge" the District Court to reach the merits of Coleman's constitutional claims, and did not waive application of the *Younger* doctrine.

The authority cited by Coleman does not compel a contrary conclusion. In *McNeely v. Blanas*, 336 F.3d 822 (9th Cir. 2003), we did not discuss abstention under *Younger* or any other doctrine, and did not address whether the right to raise *Younger* had been waived. And *Boardman v. Estelle*, 957 F.2d 1523 (9th Cir. 1992), concerned not *Younger* abstention but waiver of the defense of nonretroactivity under *Teague v. Lane*, 489 U.S. 288 (1989). In *Boardman*, we considered, but rejected, reliance on an analogy to *Younger* waiver, while recognizing that a "state may waive *Younger* only by express statement, not through failure to raise the issue." 957 F.2d at 1535.

**2.** Coleman argues that *Younger* does not apply to his pretrial habeas petition based on a speedy trial claim. He relies primarily on the Supreme Court's decision in *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484

2

(1973). In *Braden*, however, the petitioner sought "only to demand enforcement of the Commonwealth's affirmative constitutional obligation to bring him promptly to trial," and had exhausted all available state remedies toward that end. *Id.* at 489-90. Placing great weight on the fact that "petitioner made no effort to abort a state proceeding or to disrupt the orderly functioning of state judicial processes," and that he came "to federal court, not in an effort to forestall a state prosecution, but to enforce the Commonwealth's obligation to provide him with a state court forum," *Braden* permitted the federal habeas proceeding to go forward. *Id.* at 491.

In contrast, *Younger* principles preclude the adjudication of constitutional speedy trial claims prior to conviction when a petitioner raises "a Speedy Trial claim as an affirmative defense to state prosecution." *Brown v. Ahern*, 676 F.3d 899, 900 (9th Cir. 2012) (citing *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980)).

Here, Coleman's federal habeas petition did not, as in *Braden*, seek an order requiring the state courts finally to adjudicate the civil commitment petition under California's Sexually Violent Predators Act ("SVPA"). Instead, the petition alleged that excessive pretrial delay between August 2006 and 2009 in violation of his constitutional rights "require[s] dismissal" of the petition and his "discharge

from unconstitutional confinement." Coleman's petition is therefore foreclosed by *Carden* and *Brown* unless he demonstrates that extraordinary circumstances exist.

Extraordinary circumstances, such as prosecutorial harassment or bad faith prosecution, have not been shown. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973); *Perez v. Ledesma*, 401 U.S. 82, 85 (1971). We "specifically rejected in *Carden* the argument that a claimed violation of the Speedy Trial Clause was *sui generis* such that it sufficed in and of itself as an independent 'extraordinary circumstance' necessitating pre-trial habeas consideration." *Brown*, 676 F.3d at 901 (citing *Carden*, 626 F.2d at 84).

Finally, to the extent Coleman switched gears in his reply brief and at oral argument to request a prompt trial in state court rather than dismissal, the record does not show that Coleman exhausted such a claim. The present record does not demonstrate that Coleman even objected to the repeated continuances of the trial.

**3.** Because we affirm the District Court's application of *Younger* abstention to dismiss Coleman's habeas petition, we do not address the alternative holding that Coleman is procedurally barred from raising this claim in federal court.

**4.** Finally, the District Court dismissed Coleman's petition under *Younger* "without prejudice to refiling" *only* "after SVPA proceedings, including appeal, are completed." We vacate, in part, that aspect of the District Court's judgment. If

4

Coleman were to exhaust properly a *Braden*-like claim seeking an immediate trial in state court, and was not granted a prompt trial in state court, he may file another *pretrial* federal habeas petition seeking to enforce his speedy trial rights. Such a pretrial federal habeas petition, like this one, would be brought under 28 U.S.C. § 2241(c)(3). *See McNeely*, 336 F.3d at 824 n.1. It thus would not be subject to the bar on "second or successive" applications set forth in 28 U.S.C. § 2244, which only applies to petitions brought under 28 U.S.C. § 2254 by persons being held "subject to a judgment of a State court." Accordingly, we vacate the District Court's order to the extent that it would prevent Coleman from bringing such a petition before the state proceedings are final on appeal, and remand for entry of a judgment of dismissal without prejudice, without any caveat or condition.

**AFFIRMED in part, VACATED in part, and REMANDED in part.**

Each party shall bear its own costs.

*Coleman v. Ahlin*, No. 12-15579

WALLACE, Senior Circuit Judge, concurring in part and dissenting in part:

I join the majority with respect to its holding that the district court correctly applied the *Younger* abstention doctrine. However, I dissent from both the majority's decision to vacate one "aspect" of the district court's order and its decision to remand this case to the district court. Before the district court and in his opening brief on appeal, the *sole* relief sought by Coleman was to be "discharged from . . . confinement." Thus, the issue of whether Coleman "may file another *pretrial* federal habeas petition seeking to enforce his speedy trial rights," in the event that he were to "exhaust properly a *Braden*-like claim seeking an immediate trial in state court," is not before us. Because this issue is not before us, I would decline to address it. *See, e.g.*, *City of Emeryville v. Robinson*, 621 F.3d 1251, 1258 n.5 (9th Cir. 2010) (explaining that where a party does not challenge a district court's ruling as to an issue in its opening brief, "that issue is not before us on appeal").