MEMORANDUM **
1. This Court reviews de novo whether abstention under Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), is required. Potrero Hills Landfill, Inc. v. Cnty. of Solano, 657 F.3d 876, 881 (9th Cir.2011). The District Court did not err by sua sponte dismissing Coleman’s habeas petition. A state waives Younger only where it “expressly urged [the federal court] to proceed to an adjudication of the constitutional merits.” Ohio Civil Rights Comm’n v. Dayton Christian Sch., Inc., 477 U.S. 619, 626, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986). Here, although it filed a motion to dismiss based only on timeliness, the State did not “expressly urge” the District Court to reach the merits of Coleman’s constitutional *551 claims, and did not waive application of the Younger doctrine.
The authority cited by Coleman does not compel a contrary conclusion. In McNeely v. Blanas, 386 F.3d 822 (9th Cir.2003), we did not discuss abstention under Younger or any other doctrine, and did not address whether the right to raise Younger had been waived. And Boardman v. Estelle, 957 F.2d 1523 (9th Cir.1992), concerned not Younger abstention but waiver of the defense of nonretroactivity under Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). In Boardman, we considered, but rejected, reliance on an analogy to Younger waiver, while recognizing that a “state may waive Younger only by express statement, not through failure to raise the issue.” 957 F.2d at 1535.
2. Coleman argues that Younger does not apply to his pretrial habeas petition based on a speedy trial claim. He relies primarily on the Supreme Court’s decision in Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). In Braden, however, the petitioner sought “only to demand enforcement of the Commonwealth’s affirmative constitutional obligation to bring him promptly to trial,” and had exhausted all available state remedies toward that end. Id. at 489-90, 93 S.Ct. 1123. Placing great weight on the fact that “petitioner made no effort to abort a state proceeding or to disrupt the orderly functioning of state judicial processes,” and that he came “to federal court, not in an effort to forestall a state prosecution, but to enforce the Commonwealth’s obligation to provide him with a state court forum,” Braden permitted the federal habeas proceeding to go forward. Id. at 491, 93 S.Ct. 1123.
In contrast, Younger principles preclude the adjudication of constitutional speedy trial claims prior to conviction when a petitioner raises “a Speedy Trial claim as an affirmative defense to state prosecution.” Brown v. Ahern, 676 F.3d 899, 900 (9th Cir.2012) (citing Carden v. Montana, 626 F.2d 82, 83 (9th Cir.1980)).
Here, Coleman’s federal habeas petition did not, as in Braden, seek an order requiring the state courts finally to adjudicate the civil commitment petition under California’s Sexually Violent Predators Act (“SVPA”). Instead, the petition alleged that excessive pretrial delay between August 2006 and 2009 in violation of his constitutional rights “require[s] dismissal” of the petition and his “discharge from unconstitutional confinement.” Coleman’s petition is therefore foreclosed by Carden and Brown unless he demonstrates that extraordinary circumstances exist.
Extraordinary circumstances, such as prosecutorial harassment or bad faith prosecution, have not been shown. See Gibson v. Berryhill, 411 U.S. 564, 573-74, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973); Perez v. Ledesma, 401 U.S. 82, 85, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971). We “specifically rejected in Garden [Carden ] the argument that a claimed violation of the Speedy Trial Clause was sui generis such that it sufficed in and of itself as an independent ‘extraordinary circumstance’ necessitating pre-trial habeas consideration.” Brown, 676 F.3d at 901 (citing Carden, 626 F.2d at 84).
Finally, to the extent Coleman switched gears in his reply brief and at oral argument to request a prompt trial in state court rather than dismissal, the record does not show that Coleman exhausted such a claim. The present record does not demonstrate that Coleman even objected to the repeated continuances of the trial.
3. Because we affirm the District Court’s application of Younger abstention to dismiss Coleman’s habeas petition, we do not address the alternative holding that *552 Coleman is procedurally barred from raising this claim in federal court.
4. Finally, the District Court dismissed Coleman’s petition under Younger “without prejudice to refiling” only “after SVPA proceedings, including appeal, are completed.” We vacate, in part, that aspect of the District Court’s judgment. If Coleman were to exhaust properly a Braden-like claim seeking an immediate trial in state court, and was not granted a prompt trial in state court, he may file another pretrial federal habeas petition seeking to enforce his speedy trial rights. Such a pretrial federal habeas petition, like this one, would be brought under 28 U.S.C. § 2241(c)(3). See McNeely, 336 F.3d at 824 n. 1. It thus would not be subject to the bar on “second or successive” applications set forth in 28 U.S.C. § 2244, which only applies to petitions brought under 28 U.S.C. § 2254 by persons being held “subject to a judgment of a State court.” Accordingly, we vacate the District Court’s order to the extent that it would prevent Coleman from bringing such a petition before the state proceedings are final on appeal, and remand for entry of a judgment of dismissal without prejudice, without any caveat or condition.
AFFIRMED in part, VACATED in part, and REMANDED in part.
Each party shall bear its own costs.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.