**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAY 26 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HENRY ELEM III,

Plaintiff-Appellant,

v.

CYNTHIA T. KUHN, named as Hon.
Cynthina T Kuhn, Superior Court Judge,
official capacity; et al.,

Defendants-Appellees.

No. 21-16508

D.C. No. 4:21-cv-00325-JAS-PSOT

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
James A. Soto, District Judge, Presiding

Submitted May 17, 2022[**]

Before: CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Arizona state prisoner Henry Elem III appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging various constitutional

claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

district court's abstention determination under *Younger v. Harris*, 401 U.S. 37 (1971). *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014). We affirm.

The district court properly dismissed Elem's action as barred under the *Younger* abstention doctrine because federal courts should avoid interfering "with ongoing state criminal, civil, and administrative proceedings." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (explaining when a district court should decline jurisdiction under *Younger*). Nor has Elem demonstrated that defendants acted in bad faith. *See Brown v. Ahern*, 676 F.3d 899, 902-03 (9th Cir. 2012) (discussing exceptions to *Younger* abstention, including bad faith).

**AFFIRMED.**