NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 22 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GARTH GAYLORD; LORI MARR; PAUL SMITH, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> COUNTY OF ADA; MICHAEL MACLEOD; MORGAN CASE; EDWARD BENNETT; JAMES EDDIE RICHARDS; VICENTE SEPULVEDA; JOE WOOD; DAVID BAISCH, "Ken"; DERRECK CARDINALE; BRIAN BURRELL; CHRISTOPHER STOFFERAHN, <br><br> Defendants-Appellees | No. 22-35980 <br><br> D.C. No. 1:22-cv-00195-BLW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted August 15, 2023[**]

Before:     TASHIMA, S.R. THOMAS, and FORREST, Circuit Judges.

Garth Gaylord, Paul Smith, and Lori Marr appeal pro se from the district

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's judgment dismissing their 42 U.S.C. § 1983 action alleging various claims related to their arrests at an Ada County courthouse. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Sanders v. City of Pittsburg*, 14 F.4th 968, 970 (9th Cir. 2021) (dismissal under Federal Rule of Civil Procedure 12(b)(6) on the basis of *Heck v. Humphrey*, 512 U.S. 477 (1994)); *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014) (abstention determination under *Younger v. Harris*, 401 U.S. 37 (1971)). We affirm.

The district court properly dismissed Gaylord's and Smith's claims as *Heck*-barred because success on their claims would necessarily imply the invalidity of their convictions, and Gaylord and Smith did not allege facts sufficient to show that their convictions had been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated").

The district court properly dismissed Marr's claims as barred under the *Younger* abstention doctrine because federal courts should avoid interfering "with ongoing state criminal, civil, and administrative proceedings." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (explaining when a district court should decline jurisdiction under *Younger*). Nor has Marr demonstrated that

defendants acted in bad faith. *See Brown v. Ahern*, 676 F.3d 899, 902-03 (9th Cir. 2012) (discussing exceptions to *Younger* abstention, including bad faith).

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over the plaintiffs' remaining state law claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 940 (9th Cir. 2012) (setting forth the standard for supplemental jurisdiction).

The district court properly dismissed plaintiffs' action without leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard for review and explaining that leave to amend may be denied where amendment would be futile).

Defendants' motion for judicial notice (Docket Entry No. 12) is denied.

**AFFIRMED.**

22-35980