**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRETT ALAN JAMES TALMADGE,

Petitioner - Appellant,

v.

EARL HOUSER, Superintendent,

Respondent - Appellee.

No. 23-3898

D.C. No.
3:22-cv-00202-SLG-MMS

MEMORANDUM*

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, Chief District Judge, Presiding

Submitted August 14, 2025**
Anchorage, Alaska

Before: GRABER, OWENS, and R. NELSON, Circuit Judges.

Petitioner Brett Talmadge was, when the district court ruled, awaiting trial in

Superior Court in Alaska on 2019 charges of incest and sexual abuse of a minor.

While that case was pending, in 2022 Petitioner filed the present habeas petition in

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

federal district court in the District of Alaska. We granted a certificate of appealability on this issue: "whether the district court properly dismissed [Petitioner's] 28 U.S.C. § 2241 petition pursuant to Younger v. Harris, 401 U.S. 37 (1971)." Reviewing de novo, McNeely v. Blanas, 336 F.3d 822, 826 (9th Cir. 2003), we affirm.

In his federal habeas petition, Petitioner sought dismissal of the state prosecution before trial. He argued at the district court that the state violated his speedy-trial rights as guaranteed by the Sixth Amendment and that his counsel was ineffective by agreeing to continuances. Applying Younger's "fundamental policy against federal interference with state criminal prosecutions," 401 U.S. at 46, the district court dismissed the petition without prejudice.

Younger abstention normally applies when a petitioner who has not yet been convicted in state court asserts a speedy-trial affirmative defense to the state prosecution, that is, when the petitioner asks for a dismissal of the state charges before trial. Brown v. Ahern, 676 F.3d 899, 900–01 (9th Cir. 2012). None of the extraordinary circumstances identified in Carden v. Montana, 626 F.2d 82, 84 (9th Cir. 1980), is present here to preclude application of Younger. Petitioner seeks to enjoin an ongoing state-court criminal proceeding that implicates the important state interest of enforcing Alaska's criminal laws prohibiting incest and sexual abuse of minors.

23-3898

Petitioner can raise his speedy-trial arguments in the Alaska state courts.  If convicted, he will be able to challenge his conviction in a new federal habeas petition, raising speedy-trial claims and claims of ineffective assistance of counsel, once he has exhausted his state remedies.  See Carden, 626 F.2d at 84–85 ("[Defendants'] appropriate remedy is to proceed to trial and thereafter raise their speedy trial claim if they wish to do so.").

**AFFIRMED.**