**FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

FEB 9 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



ERICK AREVALO,

Petitioner-Appellant,

v.

VICKI HENNESSY, Sheriff of San Francisco,

Respondent-Appellee.

No. 17-17545

D.C. No. 4:17-cv-06676-HSG

OPINION

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Argued and Submitted February 7, 2018
San Francisco, California

BEFORE: THOMAS, Chief Judge, and TASHIMA and CHRISTEN, Circuit Judges.

Opinion by Chief Judge Sidney R. Thomas

THOMAS, Chief Judge:

We consider in this case whether *Younger v. Harris*, 401 U.S. 37 (1971), requires a district court to abstain from hearing a petition for a writ of habeas corpus challenging the conditions of pretrial detention in state court. We conclude that, under the circumstances presented by this case, it does not, and we reverse the judgment of the district court.

I

This appeal comes to us in a unique posture. The State of California has laudably conceded that Arevalo is entitled to federal habeas relief on the merits of his claim. The State agrees that Arevalo did not receive constitutionally adequate process during the setting of his bail in the California superior court. Therefore, the State concedes that a federal writ of habeas corpus should issue, although it suggests a slightly different form of relief than that requested by Arevalo. However, despite this concession, and despite the fact that the State did not argue for abstention, the district court held, *sua sponte*, that it was compelled to abstain under *Younger*, and it dismissed the petition.

But first the facts. Erick Arevalo has been detained since he was arrested on July 1, 2017 and charged with various California crimes arising from a domestic

2

dispute. On July 6, 2017, the California trial court summarily set Arevalo's bail at $1.5 million.

On August 10, 2017, Arevalo filed a motion for bail hearing or bail reduction, arguing that the unreasoned excessive bail violated his Eighth and Fourteenth Amendment rights. He argued that financial release conditions are unconstitutional absent both specific procedural protections and a finding that non-financial conditions could not reasonably serve the State's interest.

Arevalo also pointed out that he had no prior criminal record. The Public Safety Assessment Report[1] indicated that he had never failed to appear in court. The Report assigned him the lowest score possible for the risk of non-appearance and committing further crimes during a period of pretrial release. He indicated to the court that he would live with church members if released, and desired to be released so that he could provide support for his six-year-old daughter. He requested an evidentiary hearing.

------

[1]A Public Safety Assessment is a tool developed by the Laura and John Arnold Foundation to assess the risk that an arrestee, if released pretrial, will fail to appear or will engage in new criminal activity, and to generate a release recommendation based on the assessed risk. *See Buffin v. City & Cty. of S.F.*, 2018 WL 424362, at *2 (N.D. Cal. Jan. 16, 2018).

At a hearing the same day, the trial court agreed to lower the bail amount to $1 million. The court noted that the charges were serious, but did not discuss Arevalo's ability to pay or what government interests the bail amount would serve.

On September 8, 2017, Arevalo filed a petition for writ of habeas corpus before the California Court of Appeal. He argued that the trial court violated California law and his federal constitutional rights to equal protection and due process by requiring money bail without making the findings required for an order of pretrial detention. The Court of Appeal summarily denied the writ four days later.

On September 20, 2017, Arevalo filed a petition making the same arguments before the California Supreme Court. The State filed an answer declining to defend the district court's bail setting and affirmatively arguing that Arevalo was entitled to a hearing with specific consideration of his ability to pay and nonmonetary alternatives to bail. The California Supreme Court summarily denied the writ on November 15, 2017.

On November 20, 2017, Arevalo filed an emergency petition before the district court. Again, the State filed an answer agreeing that Arevalo did not receive constitutionally adequate process. The State agreed that the petition for habeas corpus should be granted and requested an order staying the petition to

allow the state court to conduct a constitutionally adequate detention hearing.

At oral argument on December 19, 2017, the district court raised *Younger sua sponte*. The State noted that it had waived the issue of abstention by failing to raise it. However, the district court requested supplemental briefing on the issue, stating that it was within the court's authority to let the State "go back on waiving the argument." After briefing, the district court held that it declined to reach Arevalo's constitutional claims because *Younger* compelled abstention. The court dismissed the petition and granted a certificate of appealability.

## II

## A

"[A] federal court's 'obligation' to hear and decide a case is 'virtually unflagging.'" *Sprint Communic'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 591 (2013) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). *"Younger* abstention remains an extraordinary and narrow exception to the general rule[.]" *Cook v. Harding*, 879 F.3d 1035, 1038 (9th Cir. 2018) (quoting *Nationwide Biweekly Admin., Inc. v. Owen*, 873 F.3d 716, 727 (9th Cir. 2017) (internal quotation marks omitted)).

"*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." *San Jose Silicon Valley Chamber of*

*Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1091–92 (9th Cir. 2008). *Younger* cautions against federal interference with ongoing state criminal, civil, and administrative proceedings. *Id.* at 1092. Specifically, *Younger* abstention is appropriate when: (1) there is "an ongoing state judicial proceeding"; (2) the proceeding "implicate[s] important state interests"; (3) there is "an adequate opportunity in the state proceedings to raise constitutional challenges"; and (4) the requested relief "seek[s] to enjoin" or has "the practical effect of enjoining" the ongoing state judicial proceeding. *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014).

However, even if *Younger* abstention is appropriate, federal courts do not invoke it if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 435 (1982).

B

*Younger* abstention is not appropriate in this case because the issues raised in the bail appeal are distinct from the underlying criminal prosecution and would not interfere with it. Regardless of how the bail issue is resolved, the prosecution will move forward unimpeded. As the Supreme Court explained in *Gerstein v. Pugh*, 420 U.S. 103, 107 n.9 (1975):

6

The District Court correctly held that respondents' claim for relief was not barred by the equitable restrictions on federal intervention in state prosecutions, *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The injunction was not directed at the state prosecutions as such, but only at the legality of pretrial detention without a judicial hearing, an issue that could not be raised in defense of the criminal prosecution. The order to hold preliminary hearings could not prejudice the conduct of the trial on the merits.

The fact that issues concerning pretrial bail proceedings are distinct from the criminal prosecution was underscored in *Stack v. Boyle*, where the Supreme Court addressed a petitioner's challenge to excessive bail pre-*Younger*. The concurrence noted that "an order fixing bail can be reviewed without halting the main trial—its issues are entirely independent of the issues to be tried." 342 U.S. 1, 12 (1951) (Jackson, J., concurring). *Cf. Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484 (1973) (holding that a habeas petitioner had properly exhausted his speedy trial claim because it was distinct from the criminal prosecution). The Sixth Circuit also addressed this issue in *Atkins v. Michigan*, noting that "[t]he issue of whether the right to bail has been denied is collateral to and independent of the merits of the case pending against the detainee." 644 F.2d 543, 549 (6th Cir. 1981).

Thus, because the question of whether the petitioner is entitled to a constitutional bail hearing is separate from the state prosecution, and would not interfere with those proceedings, *Younger* abstention is not appropriate.[2]

C

The *Younger* abstention doctrine also does not apply because this case fits squarely within the irreparable harm exception. *See World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir. 1987) (holding that an exception to abstention applies "under extraordinary circumstances where the danger of irreparable loss is both great and immediate").

"It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) (quoting *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)). Deprivation of physical liberty by detention constitutes irreparable harm. *Id.* We have applied the irreparable harm exception when "full vindication

---

[2]In urging that *Younger* abstention should apply, the State relies on *O'Shea v. Littleton*, 414 U.S. 488 (1974). However, that case is easily distinguished because it involved an injunction against state criminal prosecutions, a decision that squarely impacted state criminal prosecutions. Because "the requested relief may be achieved without an ongoing intrusion into the state's administration of justice," *O'Shea* does not require abstention in this case. *Courthouse News Serv. v. Planet*, 750 F.3d 776, 790 (9th Cir. 2014).

of the right necessarily requires intervention before trial." *Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992). Here, the petitioner has been incarcerated for over six months without a constitutionally adequate bail hearing. His case easily falls within the irreparable harm exception to *Younger*.[3]

D

Arevalo also has properly exhausted his state remedies as to his bail hearing. He filed two motions with the superior court, a habeas petition with the California Court of Appeal, and a petition for a writ of habeas corpus with the California Supreme Court, each of which was denied. The State suggests that a newly decided California Court of Appeal case, *In re Humphrey*, __ Cal. App. __, 2018 WL 550512 (Cal. App. Jan. 25, 2018), may provide a new state avenue of relief for

---

[3]The State also argues that the "irreparable harm" exception to *Younger* is exclusively a Double Jeopardy exception. There is nothing in the text of the Supreme Court decisions so limiting it, and we have applied it in other contexts. *See, e.g.*, *Krahm v. Graham*, 461 F.2d 703, 705–07 (9th Cir. 1972) (applying *Younger* exception for irreparable harm where the city imposed over 100 criminal charges that allegedly sought to impede the plaintiffs' First Amendment rights). Citing *Juidice v. Vail*, 430 U.S. 327, 330 (1977), the State also argues that the exception does not apply if the state court provided any opportunity to address the claim. However, *Juidice* did not involve the exception; it involved the third *Younger* factor—adequacy of the state proceedings to address the issue. *Id.* Nor does *Moore v. Sims*, 442 U.S. 415, 433–35 (1979), stand for that proposition, as the State claims. Far from supporting the State's articulation of the rule, *Moore* provides a fact-specific analysis suggesting that "irreparable harm" could have applied to the case under different factual circumstances, despite the availability of a state court forum. *Id.*

petitioner. However, "[t]he critical date for purposes of deciding whether abstention principles apply is the date the federal action is filed." *Gilbertson v. Albright*, 381 F.3d 965, 969 n.4 (9th Cir. 2004) (en banc). Further, *Humphrey* did not create a new procedural state remedy; rather, it established substantive standards for trial court compliance with constitutional and statutory requirements in setting bail. *Humphrey*, 2018 WL 550512, at *24.

## III

For all the foregoing reasons, we conclude that *Younger* abstention does not apply in this case. The final question is the appropriate remedy. The State has acted in good faith throughout this litigation with respect to the substantive merits of Arevalo's claim. Throughout the state court litigation and before the federal district court, the State has repeatedly stated that the petitioner did not receive constitutionally adequate process during the setting of bail. It has agreed, in its pleadings, that the petition for a writ of habeas corpus should issue. Therefore, absent *Younger* abstention, there is nothing left for the district court to decide because the parties agree on the substantive merits.

However, the State has requested that an order granting the habeas petition be stayed for a reasonable period of time to allow the superior court to conduct a constitutionally adequate bail hearing. The State's request is reasonable.

10

Accordingly, we reverse the judgment of the district court and remand with instructions to grant a conditional writ of habeas corpus, providing that the writ issue unless the California Superior Court conducts a new constitutionally compliant bail hearing within fourteen (14) days after the issuance of the district court's order conditionally granting the petition. Given our resolution of this case, we need not, and do not, decide any other issue urged by the parties. In light of the circumstances, we direct that the mandate be issued forthwith.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**