Filed 10/29/20 P. v. Financial Casualty & Surety, Inc. CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>FINANCIAL CASUALTY &<br>SURETY, INC.,<br><br>        Defendant and Appellant. | B295899<br><br>(Los Angeles County<br>Super. Ct. No. OSJ2102) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Victoria B. Wilson, Judge.  Affirmed.

Law Office of John Rorabaugh, John Mark Rorabaugh and Crystal L. Rorabaugh for Defendant and Appellant.

Mary C. Wickham, County Counsel, Adrian G. Gragas, Assistant County Counsel, and Kelsey C. Nau, Deputy County Counsel, for Plaintiff and Respondent.

_____

In this bail forfeiture case, Financial Casualty & Surety, Inc. appeals an order denying its motion to vacate forfeiture, exonerate bail, and set aside summary judgment. Financial Casualty contends the trial court failed to conduct a constitutionally sufficient process when setting Edgar Javier Gonzalez's bail, and therefore the bond is void. Financial Casualty also argues, for the first time on appeal, that it would be unconscionable to enforce the bail contract. We affirm.

## BACKGROUND

In April 2014, Mr. Gonzalez was charged by felony complaint with two counts of making criminal threats (Pen. Code, § 422, subd. (a), counts 1 & 2), and one count of child abuse under circumstances likely to cause great bodily harm or death (§ 273a, subd. (a), count 3). The complaint also included personal firearm use and strike allegations. Mr. Gonzalez was released on a $100,000 bond (which is not at issue in this appeal), but failed to appear for his May 16, 2014 preliminary hearing. The trial court declared the bond forfeited, and issued a no bail warrant for Mr. Gonzalez's arrest.

Mr. Gonzalez failed to appear at several subsequent hearings. He finally appeared on January 4, 2016, and the bench warrant was recalled. The court confirmed that bail was previously set at $100,000, and re-set bail at $325,000. Mr. Gonzalez was remanded into custody, and did not object to the amount of bail. He retained private counsel in February 2016.

Mr. Gonzalez remained in custody until the preliminary hearing, which was held on May 31, 2016. At the preliminary hearing, Mr. Gonzalez was held to answer on four counts, and an amended felony complaint was filed, adding one count of possession of a firearm by a felon (Pen. Code, § 29800,

2

subd. (a)(1), count 4).  Because of the addition of a new count, the prosecutor requested that bail be increased.  Mr. Gonzalez requested that bail be lowered, arguing he has seven children, is a self-employed small business owner, and that the statutory bail amount "would create an undue burden [on] defendant."  No evidence of his financial circumstances was introduced.  The trial court acknowledged defendant's circumstances, but reasoned they did not "mitigate against his failing to appear on the previous bail in this case."  The court denied the request to reduce bail, and increased bail to $360,000.

On June 2, 2016, Financial Casualty posted a bond for Mr. Gonzalez's release.  Mr. Gonzalez failed to appear for his June 14, 2016 arraignment on the amended complaint, and the trial court forfeited bail.  Summary judgment was entered on March 19, 2018.

Financial Casualty filed a motion to set aside summary judgment, arguing bail was unconstitutionally set, rendering the bond void, because the trial court did not make any inquiry into Mr. Gonzalez's ability to pay, or whether there were other means to secure his presence in court.  Financial Casualty did *not* argue the bail contract was unconscionable.  The trial court denied the motion by written order, and Financial Casualty filed a timely notice of appeal.

## DISCUSSION

Financial Casualty's briefs are long on authority, and short on case-specific analysis.  Financial Casualty's chief complaint appears to be that California's bail system, as a whole, is fatally flawed.  Specifically, Financial Casualty argues that increasing Mr. Gonzalez's bail to $360,000 based only on the bail schedule was constitutionally deficient because the court failed to consider his individual circumstances.

Financial Casualty principally relies on *In re Humphrey* (2018) 19 Cal.App.5th 1006, review granted May 23, 2018, S247278. In *Humphrey*, the Court of Appeal held due process requires a trial court to consider a defendant's ability to pay, and other individualized factors, when determining whether to set bail. (*Id.* at pp. 1041, 1046.) Financial Casualty also relies on briefs filed with the Supreme Court in *Humphrey*, and upon *Arevalo v. Hennessy* (9th Cir. 2018) 882 F.3d 763, 764, arguing that California has conceded that an individualized inquiry must be made in setting bail to comport with due process.

Notwithstanding *Humphrey*, or the state's apparent concessions, it is well settled that " '[d]efects and irregularities, if any, in the proceedings preliminary to the taking of bail are considered as waived by the surety when it assumes its obligations as such at the time of the execution of the bond.' [Citations.]" (*People v. Accredited Surety & Casualty Co.* (2019) 34 Cal.App.5th 891, 898 (*Accredited*).) Moreover, the "[f]ailure to comply with the procedural requirements of *Humphrey*, requirements intended to safeguard the defendant's constitutional rights, [does] not render the subsequently issued bond void." (*Accredited, supra*, at p. 899; see also *People v. The North River Ins. Co.* (2020) 48 Cal.App.5th 226, 234-236 [finding that failure to comply with *Humphrey* does not render a bond void] (*North River*).)

Financial Casualty essentially argues that *Accredited* and *North River, supra*, were wrongly decided. We see no reason to depart from these cases, which plainly found the failure to make an individualized inquiry does not render a bond void after it has been executed, as is the case here. (*Accredited, supra*, 34 Cal.App.5th at p. 898; see also *North River*, 48 Cal.App.5th at p. 234.) Moreover, it appears the trial court *did* consider

4

Mr. Gonzalez's circumstances, and found that any theoretical hardship was outweighed by the risk evidenced by his previous failures to appear.

Lastly, Financial Casualty argues that even if the bail contract was properly formed, it would be unconscionable to enforce it, reasoning it is a contract of adhesion between parties with unequal bargaining power.  We asked the parties to provide letter briefs addressing whether this argument was forfeited by Financial Casualty's failure to raise it in the trial court.  (*Bhatt v. State Dept. of Health Services* (2005) 133 Cal.App.4th 923, 933.)  Financial Casualty urges we may address purely legal issues based on undisputed facts for the first time on appeal.  While this is true, it remains firmly within our discretion whether we will address new theories not presented to the trial court.  (*Bialo v. Western Mutual Ins. Co.* (2002) 95 Cal.App.4th 68, 73.)  We see no reason to do so here, especially since the parties submitted no evidence in favor of or against a finding of unconscionability in the trial court.  This case does not present a purely legal issue based on undisputed facts.  Financial Casualty asks us to decide a fact-intensive question without any facts in the record, which would be improvident for us to do.  (*Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 99 [discussing unconscionability].)

## DISPOSITION

The judgment is affirmed.  Respondent may recover its costs on appeal.

GRIMES, Acting P. J.

WE CONCUR:

STRATTON, J.          WILEY, J.

5