NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 1 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TARA LASHAM, Co-Trustee, Kingdom of Heaven Trust, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> JASON GRIMES; et al., <br><br> Defendants-Appellees. | No.  22-15768 <br><br> D.C. No. 1:22-cv-00098-DKW-KJM <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, Chief District Judge, Presiding

Submitted July 27, 2023**

Before:  OWENS, LEE, and BUMATAY, Circuit Judges.

Tara Lasham appeals the district court's dismissal of her claims against four

defendants: Jason Grimes, Gerald Scatena (Grimes' attorney), the State of Hawaii,

and Judge Bruce Larson (Judge of the Family Court for the Third District, State of

Hawaii).  Lasham sought injunctive and declaratory relief from Judge Larson's

---

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **        The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

temporary order, which gave temporary legal and physical custody of Lasham and Grimes' minor daughter, S.H.L.G., to Grimes. The federal district court dismissed Lasham's claims under *Younger* abstention because of the ongoing family court proceeding, which had yet to be finalized at the time Lasham filed suit in federal district court.

We have jurisdiction under 28 U.S.C. § 1291. We review the decision to dismiss *de novo*, and we affirm without reaching the merits. *Green v. City of Tucson*, 255 F.3d 1086, 1093 (9th Cir. 2001).

1. The district court correctly abstained here under *Younger*. *Younger* abstention is "essentially a jurisdictional doctrine," *Canatella v. California*, 404 F.3d 1106, 1113 (9th Cir. 2005), and each of the four factors for applying *Younger* abstention are met. *See Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018). Here, the family court proceeding was ongoing at the time Lasham filed suit in the district court on March 13, 2022. The family court proceeding involved a custody dispute over S.H.L.G., which is a traditional area of state concern, expertise, and experience. *H.C. v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000); *see Moore v. Sims*, 422 U.S. 415, 435 (1979). States also have an interest in protecting "the authority of the judicial system, so that its orders and judgments are not rendered nugatory." *Juidice v. Vail*, 430 U.S. 327, 336 (1977). Lasham had an adequate opportunity to assert her claims in state court proceedings. *See Pennzoil Co. v.*

2

*Texaco, Inc.,* 481 U.S. 1, 15 (1987) (highlighting that a federal court should assume that state procedures will afford an adequate remedy). The family court's temporary order even informed Lasham of her right to appeal, yet she did not appeal that order in state court. Lastly, had the district court ruled on Lasham's claims, it might have practically enjoined any final family court decision by preventing that court from exercising authority over Lasham and Grimes. For these reasons, the district court correctly refrained from exercising jurisdiction over Lasham's claims due to *Younger* abstention.

2. We **DENY** Hawaii's motion to supplement the record with the final state court judgment granting custody of S.H.L.G. to Grimes. Because *Younger* abstention is analyzed at the time the federal complaint is filed, the final state court judgment is not necessary in our determination that the district court correctly abstained under *Younger*. *See Rynearson v. Ferguson*, 903 F.3d 920, 924 (9th Cir. 2018).

**AFFIRMED.**