NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 30 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PEYMAN ROSHAN, an individual on behalf of himself and others similarly situated, | No. 21-15771 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-04770-AGT |
| v. | MEMORANDUM* |
| MELANIE J LAWRENCE, in her official capacity as Chief Trial Counsel, and in her personal capacity; OFFICE OF CHIEF TRIAL COUNSEL, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Alex G. Tse, Magistrate Judge, Presiding

| | |
|---|---|
| CYRUS MARK SANAI, | No. 22-56215 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-07745-JFW-KES |
| v. | |
| MELANIE J LAWRENCE, sued in her individual and official capacities; CYNTHIA VALENZUELA, sued in her individual and official capacities; GEORGE CARDONA, | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

sued in his individual and official capacities;
RICHARD A. HONN, sued in his official
capacity; W. KEARSE MCGILL, an
individual sued in his official capacity;
DOES, 1 through 10, inclusive,

Defendants-Appellees.

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

CYRUS MARK SANAI,

Plaintiff-Appellant,

v.

GEORGE CARDONA; LEAH WILSON,

Defendants-Appellees.

No.   23-15618

D.C. No. 4:22-cv-01818-JST

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

CYRUS MARK SANAI,

Plaintiff-Appellant,

v.

LEONDRA KRUGER, Judge; JOSHUA P.
GROBAN; MARTIN J. JENKINS; KELLI
M. EVANS; CAROL A. CORRIGAN;
GOODWIN H. LIU; PATRICIA
GUERRERO,

No.   23-16104

D.C. No. 3:23-cv-01057-AMO

2

| Defendants-Appellees. |

Appeal from the United States District Court
for the Northern District of California
Araceli Martinez-Olguin, District Judge, Presiding

Argued and Submitted January 8, 2024
San Francisco, California

Before: SILER,[**] TASHIMA, and BRESS, Circuit Judges.

Appellants Cyrus Sanai and Peyman Roshan are California attorneys who, at relevant times, were subject to California State Bar disciplinary proceedings.[1] They filed these four lawsuits under 42 U.S.C. § 1983 against officials of the California State Bar and the Justices of the California Supreme Court, alleging that the California State Bar disciplinary process is constitutionally defective. In each case, appellants asked the district court to enjoin State Bar proceedings. The district courts concluded that *Younger* abstention applied. *See Younger v. Harris*, 401 U.S. 37 (1971). We review dismissals on the basis of *Younger* abstention de novo. *Canatella v. California*, 304 F.3d 843, 850 (9th Cir. 2002). We have jurisdiction under 28 U.S.C. §§ 1291 and 1292, and we affirm.

---

[**] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

[1] The four above-captioned cases (three filed by the same plaintiff) present nearly identical questions about the applicability of *Younger* abstention to California State Bar proceedings. Having previously consolidated these matters for oral argument, we now consolidate them for all purposes.

1.      *Younger* and its progeny direct that "[a]bsent 'extraordinary circumstances,' abstention in favor of state judicial proceedings is required if the state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *Hirsh v. Justices of Supreme Ct. of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995) (per curiam) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)); *see generally Gilbertson v. Albright*, 381 F.3d 965, 969 (9th Cir. 2004) (noting that the "*Middlesex* factors . . . guide consideration of whether *Younger* extends to noncriminal proceedings"). In addition, "[t]he requested relief must seek to enjoin or have the practical effect of enjoining—ongoing state proceedings." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014) (citing *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007)). If each of these conditions is met, *Younger* abstention is appropriate unless "there is a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" *Arevalo v. Hennessy*, 882 F.3d 763, 765–66 (9th Cir. 2018) (quoting *Middlesex*, 457 U.S. at 435).

As an initial matter, we reject appellants' contention that our prior decision in *Hirsh* should not apply to these cases. "[W]e are bound by circuit precedent except 'where the reasoning or theory of our prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority.'" *Lambert v. Saul*, 980

4

F.3d 1266, 1274 (9th Cir. 2020) (quoting *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc)). Appellants have not identified intervening authority that is "clearly irreconcilable" with *Hirsh*, and so *Hirsh* still governs here.

Applying *Hirsh*, we conclude that the district courts properly abstained under *Younger* in each of the four cases. Under *Hirsh*, for purposes of *Younger* abstention, California State Bar proceedings are judicial in nature and implicate important state interests. *Hirsh*, 67 F.3d at 712, 713. In addition, like the plaintiffs in *Hirsh*, Appellants asked federal courts to enjoin their ongoing State Bar disciplinary proceedings.[2] *Id.* at 712.

On the third *Middlesex* factor, our precedents indicate that attorneys subject to California State Bar disciplinary matters have an adequate opportunity to raise their federal constitutional claims in the State Bar proceedings. *Id.* at 713; *see also Rosenthal v. Justices of the Supreme Ct. of Cal.*, 910 F.2d 561 (9th Cir. 1990). Appellants raise several arguments about the alleged insufficiency of the State Bar

---

[2] In *Sanai v. Cardona*, No. 23-15618, Sanai filed his lawsuit before the State Bar initiated the relevant disciplinary proceedings. Nevertheless, the district court properly concluded that *Younger* abstention applied because the state proceedings were "initiated 'before any proceedings of substance on the merits ha[d] taken place in federal court.'" *Polykoff v. Collins*, 816 F.2d 1326, 1332 (9th Cir. 1987) (quoting *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 238 (1984)); *cf. Credit One Bank, N.A. v. Hestrin*, 60 F.4th 1220, 1226 (9th Cir. 2023) (concluding that state proceedings were ongoing for *Younger* purposes when "the only significant proceeding that had occurred in the federal action" at the time the state action was filed "was the denial of [a] motion to dismiss for lack of jurisdiction").

process, each of which fails. Contrary to appellants' arguments, the California Supreme Court follows *In re Ruffalo*, 390 U.S. 544 (1968). *See, e.g.*, *Van Sloten v. State Bar*, 771 P.2d 1323, 1326 (Cal. 1989). And even assuming that appellants are correct that the State Bar owed some duty to provide attorneys in disciplinary proceedings with exculpatory material, appellants have not identified any plausible violation of that obligation.

Appellants relatedly argue that the State Bar proceedings provide an inadequate opportunity to litigate because appellants are precluded from raising claims of judicial bias or obtaining discovery related to suspected bias, as allegedly allowed under *Bracy v. Gramley*, 520 U.S. 899 (1994) and *Gacho v. Wills*, 986 F.3d 1067 (7th Cir. 2021). But in alleging bias by State Bar officials and state judges in favor of Thomas Girardi, appellants have not plausibly explained the relationship between Girardi and their State Bar proceedings. Appellants' wholly conjectural bias claims fail to "overcome [the] presumption of honesty and integrity in those serving as adjudicators." *Hirsh*, 67 F.3d at 713 (quoting *Kenneally v. Lungren,* 967 F.2d 329, 333 (9th Cir. 1992)).

Nor have appellants demonstrated that the "extraordinary circumstances" exception for *Younger* abstention should apply. *See Arevalo*, 882 F.3d at 765–66. Appellants have not demonstrated judicial bias in the State Bar proceedings. *See Hirsch*, 67 F.3d at 713–14. Nor have they demonstrated any other "extraordinary

6

circumstances" justifying an exception to *Younger*.

2.      In three of these cases, appellants argue that the district courts erred by denying their post-judgment motions under Federal Rules of Civil Procedure 59 and 60(b). We review the district courts' denial of these motions for abuse of discretion. *See Kaufmann v. Kijakazi*, 32 F.4th 843, 847 (9th Cir. 2022) (Rule 59 motion standard of review); *Flores v. Rosen*, 984 F.3d 720, 731 (9th Cir. 2020) (Rule 60(b) motion standard of review).

Appellants' arguments are based on their mistaken view that the Supreme Court's decisions in *Banister v. Davis*, 140 S. Ct. 1698 (2020) and *Kemp v. United States*, 142 S. Ct. 1856 (2022) abrogated our precedent governing post-judgment motions under Rules 59 and 60(b). That is not correct. The district court applied the proper legal standards in denying these motions, and appellants do not identify any other basis for concluding that the district courts abused their discretion in denying the motions.

We have reviewed appellants' other assignments of error and find them without merit. Costs are taxed to appellants. The judgments of the district courts are

**AFFIRMED in Case Nos. 21-15771, 23-15619, and 23-16104, and**

7

**AFFIRMED IN PART AND DISMISED IN PART in Case No. 22-56215.**[3]

---

[3] In *Sanai v. Lawrence*, No. 22-56215, Sanai did not timely appeal the district court's dismissal of the case because he filed his notice of appeal more than 30 days after the district court entered judgment on that order. *See* Fed. R. App. P. 4(a)(1)(A). The timely filing of a notice of appeal is jurisdictional. Sanai's motion for reconsideration under Federal Rule of Civil Procedure 60(b) did not extend the time for appeal of that order, Fed. R. App. P. 4(a)(1)(A)(vi), because it was a successive motion for reconsideration and the district court did not alter its judgment in response. *See Wages v. IRS*, 915 F.2d 1230, 1233 n.3 (9th Cir. 1990). In Case No. 22-56215, we therefore dismiss for lack of jurisdiction Sanai's appeal of the district court's orders entered more than 30 days before Sanai filed his notice of appeal on December 21, 2022. *See Evans v. Synopsys, Inc.*, 34 F.4th 762, 768 (9th Cir. 2022) (noting that the deadline for filing an appeal is jurisdictional). This partial dismissal of the appeal did not affect our ability to reach the underlying issues because the *Younger* issues are also presented in Sanai's timely appeal of the district court's denial of an injunction pending appeal. As to the district court orders that Sanai has timely appealed—those entered on November 28, 2022; December 20, 2022; June 20, 2023; and August 21, 2023—we affirm.