NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DOUGLAS MACKENZIE,<br><br>Petitioner - Appellant,<br><br>v.<br><br>BRANDON PRICE,<br><br>Respondent - Appellee. | No. 22-55991<br><br>D.C. No.<br>8:21-cv-01852-VBF-JC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, Senior District Judge, Presiding

Submitted February 13, 2025
Pasadena, California

Before: WALLACE, GRABER, and BUMATAY, Circuit Judges

Appellant Douglas MacKenzie appeals from the district court's dismissal of

his petition for a writ of habeas corpus. 28 U.S.C. § 2241. We have jurisdiction

under 28 U.S.C. § 2253. MacKenzie is in pre-trial detention in a California hospital,

awaiting his civil commitment trial under California's Sexually Violent Predator Act

("SVPA") to determine whether he is "currently" likely to "engage in sexually

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1

violent criminal behavior." Cal. Welf. & Inst. Code § 6600(a)(3). MacKenzie claims that pre-trial detention violates his Fourth and Fourteenth Amendment rights. The district court dismissed the petition under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). We affirm.

1. MacKenzie first argues that he lacks an "adequate opportunity" to bring his federal claims in state court because his state-court counsel refused to file state habeas petitions raising his federal constitutional challenges to pretrial detention. *See Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (describing four-part standard for *Younger* abstention). The California courts dismissed his pro se petitions without prejudice under a state rule that individuals represented by counsel cannot simultaneously proceed pro se. *See In re Barnett*, 73 P.3d 1106, 1110 (Cal. 2003).

The difference of opinion over legal strategy between MacKenzie and his former counsel is far from a state-imposed procedural bar to federal claims. *See Meredith v. Oregon*, 321 F.3d 807, 818 (9th Cir.) ("*Younger* requires only the absence of procedural bars to raising a federal claim in the state proceedings." (citations and internal quotation marks omitted)), *as amended* 326 F.3d 1030 (9th Cir. 2003). And MacKenzie has recently been appointed new state counsel. He may still raise his federal claims in the state courts with his new counsel. So *Younger* abstention applies.

2

2. MacKenzie next argues that his petition falls within the two exceptions recognized by *Page v. King*, 932 F.3d 898 (9th Cir. 2019): "(1) the procedure challenged in the petition is distinct from the underlying criminal prosecution and the challenge would not interfere with the prosecution," and "(2) full vindication of the petitioner's pretrial rights requires intervention before trial." *Id.* at 903.

Neither *Page* exception applies. First, if we held that MacKenzie is no longer "currently" a sexually violent predator, we would interfere with the state proceedings by deciding the exact issue to be litigated in his upcoming SVPA trial. *See id.* at 904 (holding that the first exception applies only when "an issue . . . could not be raised in defense of the criminal prosecution" (simplified)).

Second, the full vindication of MacKenzie's pre-trial rights does not require intervention before trial. MacKenzie—unlike the petitioner in *Page*—does not assert that California failed to hold a constitutionally adequate probable cause hearing when he was first detained in 2011. Instead, he argues that the SVPA is unconstitutional. Given that MacKenzie challenges the constitutionality of the state law *as a whole*, he may vindicate his constitutional rights post-trial. If he is ordered detained under the SVPA post-trial, a federal court may later pronounce the SVPA unconstitutional.

3

3. Because we do not "find[] any ambiguity" as to the nature of MacKenzie's claims, there is—by MacKenzie's own admission—no need for the district court to have granted leave to amend.

**AFFIRMED.**