**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

PEYMAN ROSHAN,

*Plaintiff - Appellant*,

v.

DOUGLAS R. MCCAULEY,

*Defendant - Appellee*.

No. 24-659

D.C. No.
4:23-cv-05819-JST

OPINION

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Argued and Submitted February 11, 2025
San Francisco, California

Filed March 11, 2025

Before: John B. Owens, Lawrence VanDyke, and Anthony
D. Johnstone, Circuit Judges.

Opinion by Judge Owens

# SUMMARY[*]

## *Younger* abstention

The panel affirmed the district court's dismissal of Peyman Roshan's federal lawsuit seeking to enjoin the California Department of Real Estate ("DRE") disciplinary proceeding against him.

After the California Supreme Court suspended Roshan's law license for misconduct, the DRE initiated a reciprocal disciplinary proceeding against Roshan's real estate license. Roshan sued the DRE in federal court for alleged constitutional violations. Citing *Younger v. Harris*, 401 U.S. 37 (1971), the district dismissed the lawsuit and held that it must abstain from hearing the matter in favor of the pending state DRE disciplinary proceeding.

The panel held that the district court correctly dismissed Roshan's case under the *Younger* abstention doctrine. Applying the *Younger* requirements, the panel noted that Roshan did not contest that the state proceedings were ongoing and implicated important state interests. This court's precedents foreclosed his argument that the state proceedings were inadequate because he could raise his federal claims in judicial review of the DRE action. Finally, the DRE proceeding was quasi-criminal given that (1) DRE initiated the action after conducting an investigation, (2) DRE filed an "accusation" against Rohan that was akin to a complaint; and (3) the proceeding's purpose was to determine whether Roshan should be sanctioned—via the

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

suspension or revocation of his real estate license. Because the *Younger* requirements were satisfied and Roshan has not made a showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate, the district court properly abstained.

**COUNSEL**

Cyrus M. Sanai (argued), SANAIS, Beverly Hills, California; Peyman Roshan, Pro Se, San Francisco, California, for Plaintiff-Appellant.

Jack C. Nick (argued), Deputy Attorney General, Business Litigation; Michael D. Gowe, Supervising Deputy Attorney General; Tamar Pachter, Senior Assistant Attorney General; Rob Bonta, California Attorney General; California Attorney General's Office, Los Angeles, California; for Defendant-Appellee.

## OPINION

OWENS, Circuit Judge:

Peyman Roshan, a lawyer and real estate broker, appeals from the district court's dismissal of his federal lawsuit to enjoin the California Department of Real Estate ("DRE") disciplinary proceeding against him. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I.  BACKGROUND

After extensive California State Bar litigation, the California Supreme Court in 2021 suspended Roshan's law license for misconduct. Shortly thereafter, the DRE—an administrative agency charged with the "protection" of "buyers of real property and those persons dealing with real estate licensees"—initiated a reciprocal disciplinary proceeding against Roshan's real estate license. Cal. Bus. & Prof. Code § 10050(b); *see also id.* § 10177(f) (disciplinary actions by another agency may be grounds for license suspension or revocation). Roshan's fight against the DRE proceeding—which included attempts to subpoena and depose the California Supreme Court and California State Bar—led him to sue the DRE in federal court for alleged constitutional violations.

Citing *Younger v. Harris*, 401 U.S. 37 (1971), the district court dismissed the lawsuit and held that it must abstain from hearing the matter in favor of the pending state DRE disciplinary proceeding. It concluded that the DRE action was "quasi-criminal," as, among other things, it could result in the suspension or revocation of Roshan's real estate license. Roshan timely appealed.

## II. DISCUSSION

### A. Standard of Review

We review the district court's decision to abstain on *Younger* grounds de novo. *Cook v. Harding*, 879 F.3d 1035, 1038 (9th Cir. 2018).

### B. The District Court Correctly Dismissed Roshan's Appeal Under the *Younger* Abstention Doctrine

#### 1. *Younger* Abstention

"[A]bstention from the exercise of federal jurisdiction is the 'exception, not the rule.'" *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 82 (2013) (citation omitted). "[R]ooted in overlapping principles of equity, comity, and federalism," *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018), *Younger* abstention is a "national policy forbidding federal courts to stay or enjoin [certain] pending state court proceedings," *Younger*, 401 U.S. at 41. "*Younger* abstention is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." *Seattle Pac. Univ. v. Ferguson*, 104 F.4th 50, 63–64 (9th Cir. 2024) (citation omitted).

Roshan does not contest that the first and third *Younger* criteria apply to the DRE proceeding. And because he can raise his federal claims in judicial review of the DRE action, *see* Cal. Gov't Code § 11523; Cal. Civ. Proc. Code §§ 1085, 1094.5, our precedents foreclose his argument that the state proceedings are inadequate, *see Kenneally v. Lungren*, 967 F.2d 329, 332–33 (9th Cir. 1992) (collecting cases and rejecting argument that California's administrative

procedures do not allow "meaningful opportunity" to raise federal claims).[1]

Thus, the only question is whether the DRE proceeding is quasi-criminal. If the answer is yes, then Roshan's request to enjoin the proceeding "would interfere in a way that *Younger* disapproves." *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004) (en banc).

### 2. The DRE Proceeding Is Quasi-Criminal Under *Younger*

"[T]hree 'exceptional' categories" of proceedings warrant *Younger* treatment: (1) "state criminal prosecutions," (2) "certain 'civil enforcement proceedings,'" and (3) "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint*, 571 U.S. at 78 (quoting *New Orleans Public Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 368 (1989) ("*NOPSI*")).

This case implicates the second category. "[D]ecisions applying *Younger* to instances of civil enforcement have generally concerned state proceedings 'akin to a criminal prosecution.'" *Id.* at 79 (citation omitted). "Such enforcement actions are characteristically initiated to

---

[1] *Williams v. Reed*, which held that state courts may not apply state administrative exhaustion requirements "to immunize state officials from § 1983 suits," does not change the calculus. 604 U.S. ___, No. 23-191, 2025 U.S. LEXIS 550, at *4 (U.S. Feb. 21, 2025). Unlike *Williams*, this case concerns not exhaustion but abstention, which the Supreme Court has explained is "fully consistent" with the principle "that litigants need not exhaust their administrative remedies prior to bringing a § 1983 suit in federal court." *Ohio C.R. Comm'n v. Dayton Christian Schs. Inc.*, 477 U.S. 619, 627 n.2 (1986) (abstaining from a § 1983 suit under *Younger*).

sanction the federal plaintiff, *i.e.*, the party challenging the state action, for some wrongful act." *Id.* "[A] state actor is routinely a party to the state proceeding and often initiates the action," and "[i]nvestigations are commonly involved, often culminating in the filing of a formal complaint or charges." *Id.* at 79–80.

In *Middlesex County Ethics Committee v. Garden State Bar Association*, the Supreme Court held that *Younger* barred federal courts from enjoining a pending state bar disciplinary action. 457 U.S. 423, 425, 437 (1982). That action was "akin to a criminal proceeding" because "an investigation and formal complaint preceded the hearing, an agency of the State's Supreme Court initiated the hearing, and the purpose of the hearing was to determine whether the lawyer should be disciplined for his failure to meet the State's standards of professional conduct." *Sprint*, 571 U.S. at 81 (characterizing *Middlesex*).

The DRE proceeding here is similarly quasi-criminal. The DRE, a state agency acting pursuant to its authority to "exercis[e] its licensing . . . and disciplinary functions" for the "[p]rotection of the public," initiated the action. Cal. Bus. & Prof. Code § 10050.1; *see also id.* § 10100. Before doing so, it performed an investigation, as indicated by its awareness of the order suspending Roshan's law license and its request that Roshan complete an "Interview Information Statement" for it to review. It then filed an "accusation" against Roshan, which is akin to a complaint: It is "a written statement of charges that" identifies "the acts or omissions with which the respondent is charged" and "specif[ies] the statutes and rules that the respondent is alleged to have violated," Cal. Gov't Code § 11503(a), and it must be served on the respondent, *see id.* § 11505(a).

And critically, the DRE proceeding's purpose is to determine whether Roshan should be sanctioned—via the suspension or revocation of his real estate license, *see* Cal. Gov't Code § 11503(a))—for "act[ing] or conducting [him]self in a manner that would have warranted the denial of [his] application for a real estate license" or performing "acts that, if done by a real estate licensee, would be grounds for the suspension or revocation of a California real estate license," Cal. Bus. & Prof. Code § 10177(f). This disciplinary purpose is "the quintessential feature of a *Younger*-eligible 'civil enforcement action.'" *Applied Underwriters, Inc. v. Lara*, 37 F.4th 579, 589 (9th Cir. 2022). "Because a license [is] at issue and could be suspended or revoked, the state proceedings . . . [a]re 'quasi-criminal.'" *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 618 (9th Cir. 2003); *cf. Gibson v. Berryhill*, 411 U.S. 564, 576–77 (1973) (observing that "administrative proceedings looking toward the revocation of a license to practice medicine may in proper circumstances command the respect due court proceedings").[2]

---

[2] Our conclusion is bolstered by the DRE's procedures, which provide for formal hearings that include the taking of testimony, *see* Cal. Gov't Code § 11511; the finding of facts, *see id.* §§ 11507.6, 11507.7 (discovery), 11512 (admission of evidence), 11513 (party rights respecting witnesses and other evidence), 11515 (taking of notice); and the granting of relief, *see id.* §§ 11511.5, 11511.7 (settlement), 11517(c)(2) (power to adopt, alter, or reject administrative law judge's decision), 11518.5(a) (corrections), 11519 (stays of execution, restitution), 11521 (reconsideration), 11522 (license reinstatement, penalty reduction). *See Fresh Int'l Corp. v. Agric. Labor Rels. Bd.*, 805 F.2d 1353, 1357 n.3 (9th Cir. 1986) (noting as relevant to the *Younger* inquiry the California agency's authority to "take testimony, make findings of fact and grant relief"); *Hirsh v. Justs. of the Sup. Ct.*, 67 F.3d

*Sprint* is not to the contrary. In that case, the Supreme Court declined to abstain from enjoining proceedings before a state utilities board concerning a national telecommunications company's obligation to pay access fees to a local telecommunications company. 571 U.S. at 72. There, unlike the proceeding at issue here, "[a] private corporation, Sprint, initiated the action. No state authority conducted an investigation into Sprint's activities, and no state actor lodged a formal complaint against Sprint." *Id.* at 80. Moreover, the state's "adjudicative authority . . . was invoked to settle a civil dispute between two private parties, not to sanction Sprint for commission of a wrongful act." *Id.*

Roshan contends that in *Seattle Pacific*, we held that *Sprint* vitiated *Younger*'s applicability to California administrative proceedings. *See* 104 F.4th 50. Not so. In *Seattle Pacific*, we declined to apply *Younger* "[b]ecause there [we]re no ongoing enforcement actions or any court judgment" from which to abstain. *Id.* at 64. We emphasized that there was no "state court proceeding" or "administrative proceeding or other enforcement action." *Id.* However, there is an ongoing administrative proceeding here. As the Supreme Court has observed, "lower courts have been virtually uniform in holding that the *Younger* principle applies to pending state administrative proceedings in which an important state interest is involved." *Ohio C.R. Comm'n*, 477 U.S. at 627 n.2. Indeed, since *Sprint*, our sister circuits have continued to abstain from state administrative proceedings dealing with licensing and disciplinary matters in particular. *See, e.g.*, *Gonzalez v. Waterfront Comm'n of the N.Y. Harbor*, 755 F.3d 176, 180–85 (3d Cir. 2014)

---

708, 712 (9th Cir. 1995) (noting as relevant another California agency's authority to "conduct[] a formal hearing and make[] findings").

(employee discipline); *Doe v. Univ. of Ky.*, 860 F.3d 365, 368–71 (6th Cir. 2017) (school discipline); *Zadeh v. Robinson*, 928 F.3d 457, 472–73 (5th Cir. 2019) (medical discipline); *Igbanugo v. Minn. Off. of Laws. Pro. Resp.*, 56 F.4th 561, 565–66 (8th Cir. 2022) (attorney discipline); *Wassef v. Tibben*, 68 F.4th 1083, 1086–91 (8th Cir. 2023) (medical discipline); *Leonard v. Ala. State. Bd. of Pharm*, 61 F.4th 902, 908–15 (11th Cir. 2023) (pharmacy ethics rules).

In effect, Roshan's "challenge amounts to an attack on California's administrative review procedures as a whole." *Baffert*, 332 F.3d at 619. But there is no *Younger* exception for California administrative proceedings. *See id.* at 621–22 (abstaining under *Younger* from a California administrative action suspending a horse-racing license). Thus, as a quasi-criminal enforcement proceeding, the DRE proceeding is "of a character to warrant federal-court deference." *Middlesex*, 457 U.S. at 434.

## III.  CONCLUSION

Because the *Younger* requirements are satisfied and Roshan has not made out a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate," the district court properly abstained. *Arevalo*, 882 F.3d at 765–66 (quoting *Middlesex*, 457 U.S. at 435).

**AFFIRMED**.