NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 5 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PEYMAN ROSHAN,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>CHIKA SUNQUIST, California Real Estate Commissioner; DOUGLAS R. MCCAULEY; CALIFORNIA DEPARTMENT OF REAL ESTATE,<br><br>    Defendants - Appellees. | No. 25-3157<br><br>D.C. No.<br>4:24-cv-02789-JST<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted April 30, 2026[**]

Before: McKEOWN, N.R. SMITH, and H.A. THOMAS, Circuit Judges.

Peyman Roshan appeals the district court's order dismissing his claims

against Chika Sunquist, Douglas McCauley, and the California Department of Real

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Estate ("DRE"). We review questions of sovereign immunity under the Eleventh Amendment and applications of the *Rooker-Feldman* doctrine de novo. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040 (9th Cir. 2003) (Eleventh Amendment immunity); *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010) (*Rooker-Feldman* doctrine). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. Roshan's claims against the DRE fail because the DRE is a state agency and California has not waived sovereign immunity. *See Roshan v. McCauley*, 130 F.4th 780, 783 (9th Cir. 2025) (characterizing the DRE as a state agency). California has not "unequivocally expressed" a waiver of Eleventh Amendment immunity, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984), and "a State's consent to suit in its own courts is not a waiver of its immunity from suit in federal court," *Sossamon v. Texas*, 563 U.S. 277, 285 (2011). The Supreme Court did not silently modify this doctrine in *DeVillier v. Texas*, 601 U.S. 285 (2024), as Roshan contests.

2. Roshan's remaining claims on appeal fail due to the *Rooker-Feldman* doctrine. This doctrine "prohibits federal district courts from considering 'de facto appeals'—suits in which 'the adjudication of the federal claims would undercut the state ruling.'" *Searle v. Allen*, 148 F.4th 1121, 1128 (9th Cir. 2025) (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003)). Though he has sued

the DRE, Sunquist, and McCauley, Roshan seeks a de facto appeal of the California Supreme Court's decision to deny review of the California State Bar disciplinary order at the foundation of the defendants' actions. His claims are analogous to those dismissed in *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983), *see id.* at 486–87. *Williams v. Reed*, 604 U.S. 168 (2025), does not alter this analysis, *id.* at 179. The district court therefore appropriately dismissed Roshan's claims.

**AFFIRMED.**

25-3157